OPINION
On June 9, 1999, appellant, James Barrett, a juvenile, was charged with two counts of inducing panic in violation of R.C. 2917.31(A)(1). Said charges arose from incidents involving pulled fire alarms at Madison High School, one on May 23, 2000 and the other on May 24, 2000.
A bench trial before a magistrate was held on October 5, 2000. By decision filed same date, the magistrate found appellant delinquent of committing Count 1, but found insufficient evidence as to Count 2. A dispositional hearing was held on October 26, 2000. By decision filed same date, the magistrate recommended a disposition of thirty days in juvenile detention, twenty-eight days suspended.
On November 9, 2000, appellant filed an objection to the magistrate's decision and disposition. By judgment entry filed December 20, 2000, the trial court denied the objection and approved and adopted the magistrate's decision and disposition.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT IMPROPERLY FOUND THE DEFENDANT GUILTY WHERE INSUFFICIENT EVIDENCE EXISTED VIOLATING THE DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.
 I
Appellant claims there was insufficient evidence to support the trial court's finding of delinquency in committing the offense of inducing panic. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259.
Appellant was found delinquent of committing one count of inducing panic in violation of R.C. 2917 31(A)(1) which states as follows:
 No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:
 Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;
David Campbell, a student at Madison High School on May 23, 2000, testified on said date, he observed appellant standing "near the fire alarm" and "put a paper towel over his hand and pull the fire alarm." T. at 15. A second student, Joshua Shepherd, testified he observed appellant and Mr. Campbell in the hallway and appellant was "playing around with" the fire alarm. T. at 34-35. Mr. Shepherd observed appellant standing "real close to the wall" just before the fire alarm went off. T. at 35. Mr. Shepherd did not see appellant pull the fire alarm because he had "looked away for a second." T. at 36. A third student, John Ebeling, testified appellant "came back to class bragging about pulling the fire alarm." T. at 50.
Appellant argues Mr. Campbell's testimony was not credible because he testified he "watched appellant pull the alarm from approximately 30 feet away" and Mr. Shepherd testified "both the appellant and Mr. Campbell were walking together, laughing and talking, kind of playing around." Appellant's Brief at 3. Appellant argues Mr. Shepherd's testimony establishes that Mr. Campbell "is a liar" and "had something to hide."Id.
A complete reading of the transcript establishes Mr. Campbell was thirty feet away when he first saw appellant. T. at 15. Mr. Campbell was five to six feet away when he observed appellant pull the fire alarm. T. at 21-22. Mr. Shepherd testified when he saw appellant and Mr. Campbell in the hallway, Mr. Campbell was "[m]aybe six feet" away from the fire alarm. T. at 35.
The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182.
Upon review, we find sufficient evidence, if believed, to support the trial court's finding that appellant pulled the fire alarm thereby committing the offense of inducing panic.
The sole assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Division is affirmed.
Hon. Sheila G. Farmer, P.J., Hon. John W. Wise, J. and Hon. John F. Boggins, J. concur.